

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. L. Roberson
County Attorney, Winkler County
Kermit, Texas

Dear Sir:          Attention: W. T. Hair

Opinion No. 0-6175
Re: In a bond election in a county
voting bonds whereby a lien is
created on the real estate therein
situated, are the voters in such
county qualified to vote under
Article 2955a, Revised Civil
Statutes that render any kind of
property for taxation?

       We are in receipt of an opinion request signed by
Honorable W. T. Hair, Assistant County Attorney of Winkler County
reading as follows:

     "In a bond election in a county voting bonds
whereby a lien is created on the real estate therein
situated, are the voters in such county qualified to
vote under Article 2955a, R. S. that render any kind
of property for taxation, or does Article 2955b con-
trol and in order to be qualified to vote such voters
must own and render real estate for taxation before
they can vote in such election?

     "SW (2) page 1186, Border et al. v. Abell
County Attorney.

     "Seems to lean to Article 2955a, R. S. and
disregard the validity of Article 2955b, R.S. How-
ever, since the validity of said Article is not
there definitely passed on and I cannot find any case
where the Supreme Court has ruled on said Article, and
it appearing that there is some conflict between Arti-
cle 2955b, and Section 3a, of Article 6 of the consti-
tutional provision adopted November 8th 1932, such
Section 3a, of Article 6, not specifying real estate,
I am seeking an opinion from your office.

"SECOND.

"Can Winkler County, Texas, vote bonds in the sum of Fifty thousand dollars, and with the proceeds derived from the sale of said bonds purchase the surface right only to one hundred sixty acres of land and thereon establish a county park; the mineral rights of said one hundred sixty acres of land being vested in an oil company who has the right of ingress, egress and regress to the surface of said one hundred sixty acres of land and who has the right to thereupon drill as many oil wells as the spacing rules will permit and by so doing destroy the county park Winkler County has established? Or is it not a fact that Winkler County must purchase the mineral rights as well as the surface right before Winkler County through its Commissioners Court can legally expend any tax or bond monies collected for the purpose of establishing or maintaining such county park? In other words will Winkler County have to own the one hundred sixty acres of land in fee simple from surface to center of the earth in order to spend the tax money of Winkler County legally on such a public venture?

"This request is very hurriedly made up as Hon. J. B. Salmon, County Judge of Winkler County, is now in Austin and has requested that we get an opinion from your office as soon as possible and he in person will call at your office for such opinion. * * *"

Replying to your first question, you are advised that this department has ruled several times that Article 2955b is unconstitutional, for the reason that it limits qualified voters to those who have duly rendered real property for taxation, contrary to the express language in Section 3a of Article 6 of the Constitution. In the case of Texas Public Utilities Corporation v. Holland, the Fort Worth Court of Civil Appeals held that all persons who had paid their poll tax and who owned taxable property, either real or personal, were qualified to vote if their property was rendered by them personally or through an agent or was assessed by the Tax Assessor if the property owner had failed to render the property.

We have been unable to find any case wherein the courts have passed upon your second question, but it is our opinion that

the County should have a fee simple title to the land.  Article 6078, as amended by the 47th Legislature, Chapter 270, page 437, contains the following language:

> "Said court shall have full power and control over any and all such parks and may levy an annual tax sufficient in their judgment to properly maintain such parks and build and construct pavilions and such other buildings as they may deem necessary, lay out and open driveways and walks, pave the same or any part thereof, set out trees and shrubbery, construct ditches or lakes, and make such other improvements as they may deem proper. Such parks shall remain open for the free use of the public under such reasonable rules and regulations as said court may prescribe."

The foregoing is inconsistent with the right of an oil company to enter the park and construct such roads as it may find convenient and to drill as many oil wells as the spacing rules will permit.  The County should own all the rights pertaining to the land before it expends any tax money in providing a county park, otherwise it could not exercise "full power and control" over it.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  C. F. Gibson

C. F. Gibson
Assistant

CFG:EP

APPROVED SEP 9 1944

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN